UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TAMEKA GOODEN,**

    **Plaintiff,**

v.                                                                                      **Case No. _____**
                                                                                         **Jury Demanded**

**BAPTIST MEMORIAL COLLEGE OF**
**HEALTH SCIENCES, INC. d/b/a**
**BAPTIST HEALTH SCIENCES UNIVERSITY,**

    **Defendant.**

---

**COMPLAINT FOR DISABILITY DISCRIMINATION IN EMPLOYMENT**

---

COMES NOW the Plaintiff, Tameka Gooden, by and through the undersigned counsel, and for her Complaint for Disability Discrimination in Employment against Defendant, Baptist Health Sciences University, states as follows:

**INTRODUCTION**

1. This is an action to redress Defendant's discrimination against Plaintiff because of her disability (severe allergic reaction to strong fragrances), in violation of Title I of the American with Disabilities Act Amendments Act, 42 U.S.C. §12101 et seq. (hereinafter "ADAAA"). Defendant refused Plaintiff's requests for an effective accommodation, removed her from employment on March 3, 2022, and terminated her employment on August 5, 2022. Plaintiff was subsequently denied bonuses and benefits to which she was entitled. Plaintiff seeks reinstatement to her teaching position with full back pay and benefits, as well as compensatory

damages for humiliation and pain and suffering. She also seeks punitive damages for the wanton and intentional violation of her rights by Defendant.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5 (f)(1) and 12117. The request by Plaintiff for declaratory and injunctive relief is authorized by 28 U.S.C §§ 2201 and 2202.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission and has file this action within 90 days of receiving a right-to-sue letter from the Commission. A copy of the Notice of Right-to-Sue is attached hereto as Exhibit A.

4. All of the acts complained of herein took place within Shelby County, Tennessee. Therefore venue is proper with this Court.

## PARTIES

5. Plaintiff, Tameka Gooden, is an individual with a disability and resides in Olive Branch, Mississippi. She was an employee of Defendant as contemplated by the ADAAA.

6. Defendant, Baptist Memorial College of Health Sciences, Inc. d/b/a Baptist Health Sciences University, is an employer as contemplated by the ADAAA. Defendant operates a private, specialized educational institution that offers undergraduate and graduate education and degree programs in the health sciences. Defendant can be served through its registered agent, Gregory M. Duckett at 350 N. Humphreys Blvd., Memphis, Tennessee 38120.

## FACTS

7. Ms. Gooden began her employment with Defendant in or about April 2012. She began her employment as an Instructor (MP) and worked her way up to assistant professor for the Medical Laboratory Science Program.

8. In this position, Ms. Gooden taught students in both a laboratory and lecture setting.

9. Throughout the course of her employment, Ms. Gooden's performance was never rated as less than satisfactory.

10. In May 2021, Ms. Gooden's doctor determined that she had an extreme allergy to certain chemicals found in fragrances and scented products.

11. This allergy causes severe itching, burning, red blotches, tremors, and headaches. It also carries the risk of anaphylaxis and death. As such, it is a substantial impairment of one or more major life activities.

12. Upon receipt of the aforementioned diagnosis, Ms. Gooden notified the administration of Defendant, including the Chair of the Medical Laboratory Science Program, Dr. Darius Wilson.

13. At or around the time she provided notice of her severe allergy, Ms. Gooden provided medical documentation of the condition to her employer.

14. At the time Ms. Gooden submitted her medical documentation, she also asked Defendant to help develop an accommodation of her inability to work with or around these strong fragrances.

15. It is alleged upon information and belief that at the time of the aforementioned request, Defendant had a policy requiring its employees to exercise good hygiene to eliminate body odors and that fragrances or odors should not be detectable.

16. It is alleged upon information and belief that at the time of the aforementioned request, Defendant had a policy that strong scents were not permitted to be used by employees.

17. In early September 2021, Ms. Gooden was exposed to a strong fragrance on a student. She was able to relocate the classroom to a better ventilated area and continued teaching. Approximately one (1) week later she was again exposed to a strong fragrance. As a consequence of this second exposure in two (2) weeks, Ms. Gooden sought and received medical leave. She also sought and received an accommodation to teach remotely for approximately four (4) weeks.

18. During this time, Ms. Gooden was able to productively work and discharged all of her obligations to both her students and her employer.

19. It is alleged upon information and belief that in October 2021, Defendant did send an email communication to its students, faculty, and staff to refrain from using fragrances inside the building.

20. Between November and December 2021, Ms. Gooden, in consultation with her supervisor, proposed that if a student's fragrance was causing an allergic reaction she could privately excuse the student for the day and offer him or her an alternative means of obtaining the class session's material.

21. This proposal was in line with Defendant's policy prohibiting strong scents being used by employees.

22. In December 2021, Ms. Gooden proposed that she place in her class syllabus language similar to Defendant's policy prohibiting the use of scented products to her lectures or laboratories.

23. Defendant initially allowed this proposal, but later rescinded this accommodation. Defendant directed her to ask students to refrain from that usage. However, there was nothing to enforce that request.

24. In January 2022, Defendant rejected Ms. Gooden's request to remove a student who was wearing fragrances which triggered her allergic reaction.

25. Rather than allow her requested accommodation, Defendant directed Ms. Gooden that if her allergic reaction was triggered, she should remove herself from the classroom and either have Dr. Wilson teach the class or dismiss the class for the day.

26. In January 2022, Ms. Gooden had multiple allergic reactions to fragrances while at work. This triggered her need to take additional medical leave.

27. During this period of leave, Ms. Gooden contacted the aforementioned Dr. Wilson to teach her class while she was on leave. She did this at the direction of her employer.

28. Dr. Wilson refused to assist, chastised Ms. Gooden for making the request, and directed her to cover her own class and work out a plan for students in the event of her absence.

29. In November 2021 and again on February 25, 2022, Ms. Gooden requested a series of reasonable accommodations from Defendant. This request specifically included: (1) a fragrance-free stairwell to get to her office, (2) a fragrance-free restroom, (3) a statement in her syllabus that strongly scented products were not to be worn by students in her lectures or lab classes, (4) a plan of action in the event of exposure while teaching, and (5) a plan of action if exposed during faculty events.

30. Defendant never responded to this request after February 25, 2022.

31. Ms. Gooden returned to work on March 1, 2022, and immediately had an allergic reaction to a student wearing a strongly scented product.

32. On March 3, 2022, Ms. Gooden was involuntarily placed on an indefinite leave of absence.

33. At the time it placed her on leave, Defendant informed Ms. Gooden that her requests were unreasonable and that there was nothing further Defendant was able to do.

34. Ms. Gooden filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about May 23, 2022. Her employment was terminated on or about August 5, 2022.

35. As a result of this denial of her accommodation requests, Ms. Gooden was involuntarily placed on a leave of absence and her employment was ultimately terminated.

36. As a result of Defendant's insensitivity to Ms. Gooden's disability and its discrimination against her, she has suffered and endured humiliation, damage to her reputation, mental and emotional distress, and/or pain and suffering.

## CLAIMS – COUNT I VIOLATIONS OF THE ADA-AA

37. Plaintiff hereby restates and incorporates by reference as if set forth in full herein, the allegations contained in paragraphs 1 – 36.

38. Plaintiff is a disabled person within the contemplation of the ADA-AA.

39. With a reasonable accommodation, Plaintiff is able to perform the essential functions of her position.

40. Plaintiff was discriminated against on the basis of her disability when, on or about March 3, 2022, she was removed from her position and placed on involuntary leave.

41. Plaintiff requested that Defendant accommodate her disability.

42. Defendant granted some accommodation requests, but denied others that were reasonable and in line with other of Baptist's policies and procedures.

43. Defendant's refusal to provide or allow reasonable accommodations to Ms. Gooden's disability was such that she could not fulfill the essential functions of her job as a classroom teacher, constitutes discrimination in violation of the ADA.

44. Defendant's refusal to meaningfully explore reasonable accommodations for Ms. Gooden's disability constitutes gross, wanton, reckless, and/or intentional violations of her rights under the ADA-AA, entitling her to punitive damages.

WHEREFORE Plaintiff respectfully requests relief as follows:

1. That the Court find that the Defendant discriminated against the Plaintiff based on her disability in violation of the ADAAA, declare such practices of the Defendant unlawful, and enjoin the Defendant from any further discrimination;

2. That the Court find that the Defendant denied Plaintiff one or more reasonable accommodations in violation of the ADAAA, declare such practices of the Defendant unlawful, and enjoin the Defendant from any further violation of the law;

3. That this Court order the Defendant to reinstate Plaintiff to her former position or a comparable position with full seniority and benefits or, in lieu of reinstatement, order front pay and benefits until her reinstatement;

4. That this Court award the Plaintiff all lost pay and benefits from the date of her discharge until the date of trial, plus actual and compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00) and/or such additional amount as the jury

may deem appropriate to compensate her for his injury and make him whole for all losses suffered;

      5.      That the Plaintiff be awarded reasonable attorney's fees and expenses for this action;

      6.      Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law; and

      7.      That the Plaintiff be awarded such other and further relief as may be deemed just and proper.

Plaintiff demands a jury to try this case when the issues are joined.

Respectfully submitted,

/s/ James R. Becker, Jr.
James R. Becker, Jr. #16582
1038 Oakhaven Rd.
Memphis, TN  38119
(901) 881-6205
jbecker@memphisemploymentlawyer.net