# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

TAMEKA GOODEN,

    Plaintiff,

v.

BAPTIST MEMORIAL COLLEGE
OF HEALTH SCIENCES, INC.,

    Defendant.

Case No. 2:23-cv-02493-MSN-atc
JURY DEMAND

## ORDER TO SHOW CAUSE

This matter came before the Court upon review of the docket in preparation for the upcoming Scheduling Conference, set for January 31, 2025. The Court entered a Scheduling Order (ECF No. 13) on December 15, 2023, which established an Alternative Dispute Resolution ("ADR") deadline of March 8, 2024. Pursuant to Local Rule 16.3(d) and the Plan for Alternative Dispute Resolution, the parties were required to file a mediation certificate within seven (7) days of the completion of ADR, confirming that mediation was conducted and indicating whether it was successful or unsuccessful.

On September 9, 2024—six months after the ADR deadline—the parties filed a joint motion seeking relief from the deadlines for the parties to complete discovery, file dispositive and *Daubert*-type motions, and reset the pretrial conference and trial dates. (ECF No. 19 at Page ID 66.) On October 10, 2024, the Court granted the requested relief, extending the discovery deadline to December 16, 2024, and resetting the trial date. (ECF No. 23.)

Despite the extensions granted, over ten months have now passed since the ADR deadline, and the docket reflects that no mediation certificate has been filed. Furthermore, no request for an extension related to this requirement has been sought or granted.

Pursuant to Federal Rule of Civil Procedure 16(f)(1)(C), the Court may issue sanctions if a party or its attorney fails to comply with the Scheduling Order. The Court's Scheduling Order specifically provides that "[p]ursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR." (ECF No. 13 at PageID 50.) The Plan for Alternative Dispute Resolution requires the mediator to report to the Court within seven (7) days after the close of each mediation session.

The Court hereby **ORDERS** the parties to **SHOW CAUSE** within seven (7) days of the entry of this Order why sanctions should not be imposed for failure to comply with the Court's Scheduling Order, Local Rule 16.3, and the Plan for Alternative Dispute Resolution by failing to file a mediation certificate as required.

*<u>Failure to comply with this Order in a timely manner may result in appropriate sanctions, including but not limited to monetary penalties, dismissal of this action with prejudice without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), or other measures deemed necessary to ensure compliance with Court orders and the efficient administration of justice.</u>*

**IT IS SO ORDERED**, this 23rd day of January, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
